UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

PAUL W. LEWIS,

    Plaintiff,

V.

SHERIFF RANDY WATERS, et al.,

    Defendants.

Civil Action No. 6: 18-200-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Paul W. Lewis is a resident of Winfield, Tennessee. Proceeding without counsel, Lewis has filed a civil rights complaint against McCreary County, Kentucky officials [R. 1] and a motion to waive payment of the filing and administrative fees. [R. 2] The information contained in Lewis' fee motion indicates that he lacks sufficient assets or income to pay the $350.00 filing fee. [R. 2]. Because Lewis has been granted pauper status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Lewis' complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Lewis' complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). However, although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's,*

*Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").

In his complaint, Lewis alleges that he discovered that Amanda Griffey (whom he identifies as the daughter of his alleged adult daughter) committed the criminal offenses of shoplifting and theft by deception of over $100.00. After making this discovery, he alleges that he went to the McCreary County Attorney, who issued warrants for Griffey's arrest. He then alleges that Griffey and other unknown persons burglarized his home in Winfield, Tennessee. He states that, although he contacted the Scott County, Tennessee Sheriff's Department regarding the burglary and informed them that he had proof of Griffey's involvement, the Scott County Sheriff's Department has indicated that, because no one saw Griffey commit the burglary, they cannot issue warrants for Griffey's arrest until the McCreary County Sheriff's Department serves their warrants and takes Griffey into custody.

According to Lewis, despite his repeated calls to the McCreary County Sheriff's Department informing them of Griffey's location, the McCreary County Sheriff's Department has made no effort to arrest Griffey, nor to secure evidence related to her offenses. He also alleges that the McCreary County Sheriff's Department has repeatedly failed to enforce an Emergency Protective Order ("EPO") obtained by his sister to prevent Griffey from being on his sister's property in McCreary County. Based on these allegations, Lewis seeks to pursue claims for violations of his constitutional rights to due process and equal protection of the laws under the Fourteenth Amendment, as well as "Obstruction of Justice under Federal and State Laws, Denial of Right of Access to The Courts Federal & State Laws, Federal & State Laws regarding Law Enforcement Duties and Responsibilities as they may apply to this particular case." [R. 1 at p. 6] As Defendants, he has named McCreary County Sheriff Randy Waters, McCreary County Sheriff Deputy Tom Smith, and the McCreary County Judge-Executive.

However, Lewis' complaint must be dismissed for failure to adequately articulate a claim for relief. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Lewis is, in essence, attempting to force the McCreary County Sheriff's Department to pursue criminal penalties against another individual through a civil rights action. However, "a private citizen lacks a judicially

2

cognizable interest in the prosecution or nonprosecution of another." *S. v. D.,* 410 U.S. 614, 619 (1973). *See also Flinchum v. City of Beattyville*, 224 F. Supp. 3d 536, 544–45 (E.D. Ky. 2016) ("[I]ndividual citizens do not have a constitutional right to compel law enforcement officers to act, or to require that they investigate and prosecute crime, in a particular way."). Indeed, the decision whether to prosecute a criminal matter rests exclusively with state and federal prosecutors. *United States v. Armstrong*, 517 U.S. 456, 464 (1996); *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).

Because Lewis does not have a judicially cognizable interest in the criminal prosecution of Griffey, he simply does not have standing to assert his claims in this action. For all of these reasons, Lewis's complaint will be dismissed with prejudice.

Accordingly, **IT IS ORDERED** that:

1. Lewis' motion for leave to proceed *in forma pauperis* [R. 2] is **GRANTED** and payment of the filing and administrative fees is **WAIVED**.

2. Lewis' Complaint [R. 1] is **DISMISSED WITH PREJUDICE**;

3. **JUDGMENT** shall be entered contemporaneously with this Order; and

4. This matter is **STRICKEN** from the Court's docket.

Dated August 7, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY